Mantz, Respondent, vs. Werner, Appellant.

*October 17 — November 3, 1885.*

PRACTICE: CHANGE OF VENUE. *(1) Filing of record in court to which cause is sent: Payment of fees. (2) Extending time to transmit record: Notice of motion.*

1. When the place of trial of an action is changed, the clerk of the court to which the papers are sent is under no legal duty to file them unless the prescribed fees are paid; and if, because such fees are not paid, the papers are not filed within twenty days from the making of the order changing the place of trial, such order will be deemed vacated, under sec. 2627, R. S. A custom of the clerk not to exact the fees in advance, but to charge them to the attorneys of the party obtaining the change, will not alter the rule.

[2. Whether the time for the transmission of the record can be enlarged, after its expiration, by an *ex parte* order, is not determined.]

APPEAL from the Circuit Court for *Milwaukee* County.

Action for libel, commenced in the circuit court for Calumet county. The venue was changed upon the application of the plaintiff, on the ground of prejudice of the judge, to Manitowoc county. Afterwards the plaintiff applied for a change of venue to Milwaukee county for the convenience of witnesses. This application was opposed by the defendant on the merits and on the ground that it came too late not only because of the long lapse of time but because the plaintiff knew, at the time the venue was first changed, all the facts stated in his affidavit for the second change. The application was granted and an order changing the place of trial to Milwaukee county was entered October 7, 1884. The record, however, was not sent to Milwaukee county until November 15, and was afterwards, at the request of the plaintiff's attorneys, returned to the clerk of the circuit court for Manitowoc county.

On November 21 an order was made by the circuit court for Manitowoc county, extending the time for transmitting the record to Milwaukee county until November 25. The record was then transmitted and was received by the clerk of the circuit court for Milwaukee county on November 25, but as the prescribed fees had not been paid was not filed until November 28, when the clerk charged the fees to the plaintiff's attorneys.

The defendant filed objections to the circuit court of Milwaukee county taking jurisdiction of the cause, and moved to remand the same to Manitowoc county. From an order denying such motion the defendant appealed.

The cause was submitted for the appellant on briefs by *J. S. Anderson*, attorney, and *Finches, Lynde & Miller*, of counsel, and for the respondent on the brief of *Davis, Riess & Shepard*.

For the appellant it was argued, *inter alia*, that the order dated October 7, was vacated *ipso jure* on October 27. R. S.

sec. 2627; *Lee v. Buckheit*, 49 Wis. 54. The order of November 21, extending the time to transmit the record was void because the court had lost jurisdiction by the transmission of the record to Milwaukee county. *Haas v. Weinhagen*, 30 Wis. 326. If the papers are transmitted too late, or the venue is improperly changed, a party waives the defect unless he moves to remand on that ground. R. S. sec. 2628; *Carpenter v. Shepardson*, 43 Wis. 412; *Estate of Schœffner*, 45 id. 614. See, also, *Goodhue v. People*, 94 Ill. 37; *Fisk v. A. R. Co.* 41 How. Pr. 365; *Toledo, W. & W. R. Co. v. Wright*, 68 Ind. 586; *Duncan v. State*, 84 id. 204; *Powers v. State*, 87 id. 144. The only way to have the record brought again into the court which ordered the change is by motion in the court to which the change was made to remand the papers. *Johnson v. Von Kettler*, 66 Ill. 63; *Rogers v. Watrous*, 8 Tex. 62. The order of November 21 was also irregular because granted without notice and contrary to the provisions of sec. 2831, R. S. The distinction between enlarging the time within which a proceeding must be taken, before its expiration, and permitting a proceeding to be taken after the expiration of the time, must be borne in mind. In the latter case the order should be granted only upon due notice, in order that the court may exercise its discretion and determine what terms would be just.

For the respondent it was contended, among other things, that the order of November 21 was regular. *Cartright v. Belmont*, 58 Wis. 370. And the record was transmitted in due time under that order. A paper is said to be filed when it is delivered to the proper officer and by him received to be kept on file. 13 Viner, Abr. 211; 1 Littleton, 113; Hawkins, Pl. Cr. 7, 207. The clerk of the Milwaukee circuit court received these papers and placed them among the papers of his office, to be kept there on file, subject to his ascertaining who was chargeable with his fees. When he learned that, he should have marked the papers " filed Nov.

25, 1884," because he *then* received them *for filing*. Juris-
diction is not lost by a dereliction of duty on the part of
the clerk. *Moyer v. Strahl*, 10 Wis. 83; *Reed v. Acton*, 120
Mass. 130; *Engleman v. State*, 2 Ind. 91; *Bishop v. Cook*, 13
Barb. 326. And see *Sueterlee v. Sir*, 25 Wis. 357; *Gorham
v. Summers*, 25 Minn. 81.

Cole, C. J. The motion to remand this cause to the cir-
cuit court of Manitowoc county should have been granted.
Assuming, as we may do for the purposes of this appeal,
that all the proceedings to change the place of trial were
regular up to the time the order dated November 21, 1884,
was obtained, still that order only extended the time for
the transmission of the record to November 25, 1884. But
the record was not actually filed with the clerk of the cir-
cuit court of Milwaukee county until the 28th of November,
three days after the extended time had expired. The
change was not complete until the record was filed with the
clerk. Sec. 2627, R. S. It is true the record was received
by the clerk on the 25th of November, but it was not filed
by him because the fees were not paid. The clerk of the
circuit court of Milwaukee county is paid a salary, and the
fees provided by law for the clerks of the circuit courts of
other counties are received and accounted for by him under
oath to the treasurer of the county quarterly. Ch. 311, P.
& L. Laws of 1862. The failure or neglect of the clerk to
collect and thus account for the prescribed fees constitutes
a breach of his official bond. By ch. 451, P. & L. Laws of
1871, it is provided that there shall be paid to said clerk at
the time of the commencement of each action or proceed-
ing instituted in the circuit court or county court, or upon
filing the original papers in any suit or proceedings in either
of said courts, upon an appeal from an inferior court, or
upon a change of venue from some other county,— except
in criminal cases,— the sum of two dollars, in addition to

the state tax and county tax required to be paid. In view of these very stringent provisions, it was plainly not the duty of the clerk to file the record before the proper fees were paid.

It is said when the plaintiff had the record delivered to the clerk pursuant to the order, there his duty and power in respect to it ended. But this is a mistake. It was the plaintiff's duty to pay the clerk the prescribed fees for filing the papers. The clerk was under no legal duty to file them until such fees were paid. And the jurisdiction of the court would not attach in the case until the papers were filed.

It is stated in the affidavit of one of the plaintiff's attorneys, which was used in resisting the motion to remand the cause to Manitowoc county, that the clerk had always treated the firm of which he is a member as responsible for all fees and dues chargeable in any case against the party for whom the firm are attorneys of record, and has never demanded or exacted payment in advance for any such fees. Such a practice between the clerk and attorneys is not deserving of judicial condemnation, if the clerk chooses to observe it, and is willing to become personally responsible for the fees to the county treasurer. But the law is clear and mandatory that the prescribed fees must be paid the clerk upon filing the original papers, on a change of venue; consequently, the clerk was guilty of no dereliction of duty because he did not file them when they were delivered to him. The law made it the plain duty of the party procuring the change to pay these fees as a condition to the papers being filed. This was not done within the time limited in the order.

In the view we have taken of the case, it is unnecessary to consider whether the order changing the place of trial from Manitowoc to Milwaukee county was a proper exercise of discretion on the part of the circuit court; or whether

the time for the transmission of the record could be enlarged by an *ex parte* order after the original twenty days had expired. These points are quite fully argued on the briefs of counsel, but we express no opinion upon them at this time.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded with directions to send the case to Manitowoc county for trial.