Billings, Appellant, vs. Noble, Respondent.

*November 14 — December 3, 1889.*

*Criminal law: Examination before justice: Removal: Affidavit in the alternative: Jurisdiction.*

1. An affidavit of the person charged with an offense "that from prejudice *or other cause* he believes" the justice before whom he is brought for examination "will not decide impartially in the mat-

ter," is insufficient to oust that justice of jurisdiction and secure a removal of the case, under sec. 4809, R. S. *Jenkins v. Morning*, 38 Wis. 197, distinguished.

[2. Whether a justice who proceeds to examine and commit the accused after the filing of a sufficient affidavit for the removal of the case, is protected by reason of having acted judicially, not determined.]

APPEAL from the Circuit Court for *Monroe* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

The facts in the record are to the effect that October 24, 1887, the plaintiff was arrested on a warrant issued by the defendant as a justice of the peace, upon a complaint made by one Atcherson, charging him with the criminal offense of stealing a watch worth $35; that on the same day he was brought before the justice by the officer having him in custody; that the hearing was thereupon continued until October 26, 1887, at ten o'clock A. M.; that the plaintiff then gave bail as required for such appearance; that on the day and hour last named the plaintiff appeared and filed with the justice an affidavit for the removal of the cause, which affidavit was to the effect that he, the plaintiff, was the person so charged for examination, and "that, from prejudice *or other cause*, he believes that the said justice will not decide impartially in the matter," but that said application for removal was thereupon denied by the defendant, as such justice; that the plaintiff thereupon, having been granted the privilege of amending said affidavit, refused to do so; that upon hearing the evidence in said matter the justice was of the opinion and did adjudge that there was probable cause to believe that the plaintiff was guilty of the crime charged, whereupon the justice adjudged and determined that the plaintiff give bail in the sum of $200 for his appearance at the next term of the circuit court; that the plaintiff thereupon refused to give such bail, and was com-

mitted to the county jail in default thereof; that afterwards the plaintiff was taken before a court commissioner upon *habeas corpus*, and discharged by him; that subsequently the plaintiff brought this action against the defendant for false imprisonment.

The defense relied upon was to the effect that the said affidavit for removal was insufficient to oust the justice of jurisdiction, and that even if it was sufficient, still, in denying such application for removal, he acted judicially and was not, therefore, liable to the plaintiff in this action.

At the close of the trial the court directed a verdict in favor of the plaintiff for such amount of damages as they should find he was entitled to, subject to the opinion of the court on the question of law involved in the case. The jury thereupon returned a verdict accordingly, assessing the plaintiff's damages at the sum of $500. Subsequently the court denied the plaintiff's motion for judgment, and ordered that the defendant have judgment, notwithstanding the verdict, dismissing the complaint, and for costs, and directed judgment to be entered accordingly. From the judgment so entered the plaintiff appeals.

For the appellant there was a brief by *Rogers & Hall*, and oral argument by *W. H. Rogers* and *H. W. Chynoweth*. To the point that a justice of the peace who proceeds to try a cause after a sufficient affidavit of prejudice has been filed is not protected by reason of having acted judicially, they cited *Grace v. Mitchell*, 31 Wis. 533; *Burns v. Doyle*, 28 id. 460; *Jenkins v. Morning*, 38 id. 197; *Hellriegel v. Truman*, 60 id. 253; *Lybrand v. Carson*, 2 Pin. 33; *Selby v. Platts*, 3 id. 170; *Baldwin v. Hamilton*, 3 Wis. 747; *McNamara v. Spees*, 25 id. 539; *Wearne v. Smith*, 32 id. 412; *Hepler v. State*, 43 id. 479; *Gelzenleuchter v. Niemeyer*, 64 id. 322; *La Roe v. Roeser*, 8 Mich. 537; *Guenther v. Whiteacre*, 24 id. 504; *Sheldon v. Hill*, 33 id. 171; *Case v. Shepherd*, 2 Johns. Cas. 27; *Percival v. Jones*, id. 49; *Rutherford v.*

*Holmes,* 66 N. Y. 368; *Rivenburgh v. Henness,* 4 Lans. 208; *Tracy v. Williams,* 4 Conn. 107; *Gillett v. Thiebold,* 9 Kan. 427; *Kendall v. Powers,* 4 Met. 553; *Truesdell v. Combs,* 33 Ohio St. 186; *Clarke v. May,* 2 Gray, 412; *Knowles v. Davis,* 2 Allen, 61; *Pratt v. Hill,* 16 Barb. 303; *Evertson v. Sutton,* 5 Wend. 281; *Lewis v. Palmer,* 6 id. 367; *Blythe v. Tompkins,* 2 Abb. Pr. 469; *Vanderpool v. State,* 34 Ark. 174; *Dietrichs v. Schaw,* 43 Ind. 175; *Fisher v. Deans,* 107 Mass. 118; *Wilcox v. Williamson,* 61 Miss. 310; *Pooler v. Reed,* 75 Me. 488; *Revill v. Pettit,* 3 Met. (Ky.), 314; *Vaughn v. Congdon,* 56 Vt. 111; *Spencer v. Perry,* 17 Me. 413; *Hill v. Bateman,* 2 Strange, 710; *Crepps v. Durden,* 2 Cowp. 640; *Wickes v. Clutterbuck,* 2 Bing. 483; *Cropper v. Horton,* 8 Dowl. & Ryl. 166; *Davis v. Capper,* 10 Barn. & Cres. 28; *Weaver v. Price,* 3 Barn. & Ad. 409; *Van Slyke v. Trempealeau Co. F. M. F. Ins. Co.* 39 Wis. 390; *Flournoy v. Jeffersonville,* 17 Ind. 174; *Mississippi v. Johnson,* 4 Wall. 498; *Place v. Taylor,* 22 Ohio St. 317; *Briggs v. Wardwell,* 10 Mass. 356; *Bigelow v. Stearns,* 19 Johns. 39; *Suydam v. Keys,* 13 id. 446; *Cox v. Groshong,* 1 Pin. 307; *Smelzer v. Lockhart,* 97 Ind. 320; *Elderkin v. Wiswell,* 61 Wis. 498; *Danforth v. Classen,* 21 Ill. App. 572; *Sasnett v. Weathers,* 21 Ala. 673; *Wingate v. Waite,* 6 Mees. & W. 746; *Estopinal v. Peyroux,* 37 La. Ann. 478; *Piper v. Pearson,* id. 120; *Grumon v. Raymond,* 1 Conn. 40; *Dyer v. Smith,* 12 id. 384; *Adkins v. Brewer,* 3 Cow. 206; *Reynolds v. Orvis,* 7 id. 269; *Touhey v. King,* 9 Lea, 422; *Poulk v. Slocum,* 3 Blackf. 421; 1 Chitty on Pl. (16th ed.), 294; Cowdry, Just. Treat. sec. 164, and notes; Bryant's Wis. Just. sec. 1200; Bigelow on Torts, secs. 125, 126; 7 Am. & Eng. Ency. of Law, tit. FALSE IMPRISONMENT; Cooley on Torts, 491; *Houlden v. Smith,* 14 Q. B. 841; *Hartel v. Kite,* 70 Wis. 399; *State v. Gust,* id. 634; *Kleinsteuber v. Schumacher,* 35 id. 614; *Hull v. Mallory,* 56 id. 355; *Smith v. Bahr,* 62 id. 246.

*W. S. Stroud*, for the respondent, contended, *inter alia*, that a justice of the peace, by his judicial character, is afforded the same protection from an action for damages when he has jurisdiction of the subject matter and has acquired jurisdiction of the person, as is afforded to a court of general jurisdiction, and that an erroneous judgment or decision upon a question which he is called upon to decide while so acting will not be considered as depriving him of jurisdiction, when attacked in a collateral action. *Horton v. Auchmoody*, 7 Wend. 200; *Stewart v. Hawley*, 21 id. 552; *Grove v. Van Duyn*, 44 N. J. Law, 654; *Rasmussen v. McCabe*, 43 Wis. 471; *Keeler v. Woodward*, 3 Pin. 306; *Lange v. Benedict*, 73 N. Y. 12; *Hallock v. Doming*, 69 id. 238; *Chickering v. Robinson*, 3 Cush. 543; *Hendrick v. Whittemore*, 105 Mass. 23; *Jordan v. Hanson*, 49 N. H. 199; *Clark v. Holdridge*, 58 Barb. 61; *Bradley v. Fisher*, 13 Wall. 335; *Little v. Moore*, 4 N. J. Law, 74; *Brittain v. Kinnaird*, 1 Brod. & Bing. 432; *Fischer v. Langbein*, 103 N. Y. 84, 94. The rule is sustained in the following cases, though the facts are not considered as bringing them as closely in point: *Pratt v. Gardner*, 2 Cush. 63, 70; *Butler v. Potter*, 17 Johns. 145; *Porter v. Purdy*, 29 N. Y. 106, 110; *Roderigas v. East River S. Inst.* 63 id. 464; *Wall v. Trumbull*, 16 Mich. 228; *Gregory v. Brown*, 4 Bibb, 28; *McCall v. Cohen*, 16 S. C. 445; *Reid v. Hood*, 2 Nott & McCord, 168; *Busteed v. Parsons*, 54 Ala. 393.

CASSODAY, J.  The affidavit for the removal of the examination was, in the language of the statute, "that, from prejudice *or other cause*," the person charged believed the justice would "not decide impartially in the matter," etc. Sec. 4809, R. S.[1] It is said to be settled in *Jenkins v. Morn-*

---

[1] Sec. 4809, R. S., provides: "Whenever any person, charged with having committed any offense, shall be brought before any justice of the peace, or other magistrate, for examination, in accordance with the provisions of this chapter, if such person, before the commencement of

*ing*, 38 Wis. 197, that such an affidavit is sufficient and ousts the justice of jurisdiction. The application for the change of venue in that case was under a section substantially like the above section. It was sec. 3616, R. S. The affidavit of the defendant in that cause was, however, to the effect " that, from prejudice *and other causes*, he " believed the justice would " not decide impartially in the matter," etc. By some inadvertence of the writer of the opinion in that case, or the printer, the word " *or* " was substituted for " and." This inadvertence may have grown out of the fact that the removal had not been denied and its refusal was not justified on the ground that the affidavit was insufficient in form, but on the ground that the police justice had exclusive jurisdiction and hence that there was no authority for such removal, and, moreover, that the tender made was insufficient. The difference between the affidavit in that case and the one at bar is very marked. In that case there was an oath of " prejudice, " and the mere addition of the words " *and other causes* " in no way diminished its force. Here the affidavit is of " prejudice *or* other cause." It is in the alternative, and neither states the fact of prejudice nor any other cause, but simply that it is one *or* the other, without any possibility of ascertaining which. From aught that appears, the affidavit may have been based wholly upon something existing merely in the mind of the affiant which he regarded as some " other cause " than prejudice, but which in fact constituted no cause for such removal whatever. Where a party does not rely upon the fact of prejudice, but upon some " other cause," then the oath or affidavit should state the facts supposed to constitute such other cause; as, for instance, that the justice

---

the examination, shall make oath that, from prejudice or other cause, he believes that such justice or other magistrate will not decide impartially in the matter, then said justice or other magistrate shall transmit all the papers in the case to the nearest justice or other magistrate," etc.— REP.

is a material witness on the trial, or is near of kin, as prescribed in sec. 3617, R. S. Otherwise the removal would be based wholly upon the mental conception of the affiant, who would thus be constituted the sole judge as to whether the facts conceived by him were sufficient in law to oust the justice of jurisdiction. Besides, in such case there would be no means of ascertaining what the facts were, thus supposed to be conceived, nor whether they were sufficient or had any real existence. "The application must," in the language of DIXON, C. J., be "limited to the case provided for by the statute, since to permit it to be extended to others, or to allow removal for causes not named in the statute nor in the application, would lead to the greatest abuses and perversion of the remedy intended to be given by the legislature." *Dodge v. Barden*, 33 Wis. 250.

The use of the disjunctive in the affidavit in the case at bar is unlike that class of cases where every alternative stated in the language of the statute states a fact sufficient to authorize the remedy; but, as observed, it is a case where one of the alternatives may be a mere mental conception, unsupported by the statement of any facts authorizing the remedy. We are clearly of the opinion that perjury could not be predicated upon the affidavit in question. *Clifford v. State*, 29 Wis. 329; *Goodyear Rubber Co. v. Knapp*, 61 Wis. 103. This being so, it was insufficient to oust the justice of jurisdiction.

This makes it unnecessary to consider whether the justice would have been protected by reason of having acted judicially, had the affidavit been sufficient. That question was ably discussed at the bar, and the valuable briefs will be preserved in the record.

It follows that the defendant, as justice of the peace, had jurisdiction, and hence there was no false imprisonment.

*By the Court.*— The judgment of the circuit court is affirmed.