Hager vs. Falk.

HAGER, Appellant, vs. FALK, Respondent.

*May 5 — September 27, 1892.*

*Justices' courts: Removal of case: Prejudice: Sufficiency of affidavit: Jurisdiction.*

An affidavit for the removal of a case from one justice of the peace to another (under sec. 3616, R. S.), stating that "from prejudice *or other cause*" the affiant believes that the justice before whom the action is brought will not decide impartially, is insufficient, and the justice to whom the case is sent obtains no jurisdiction of the subject matter even by the consent of the parties.

APPEAL from the Circuit Court for *Iowa* County.

The facts are sufficiently stated in the opinion.

The cause was submitted for the appellant on the brief of *A. McArthur*, and for the respondent on that of *John D. Wilson*.

The following opinion was filed May 24, 1892:

ORTON, J. This action was first brought before John Shannon, Esq., a justice of the peace of the town of Clyde,

Hager vs. Falk.

Iowa county, by the plaintiff against the defendant, for setting a fire on his own land, and allowing it to run on the lands of the plaintiff and destroy his property, damaging him $200. The defendant filed his affidavit for a change of venue to another justice. The affidavit was as follows: "That from prejudice *or other cause* he believes that the above-named justice, before whom this action is brought, will not decide impartially in the above-entitled action." The case was sent to D. J. Mulhall, Esq., a justice of the town of Pulaski, Iowa county, the next nearest justice; and all the papers were delivered to him. Both parties appeared before the last-named justice by their attorneys, and the defendant filed his answer, and the case was adjourned to another day by consent. The plaintiff appeared on that day with his witnesses, but the defendant did not appear. After hearing the testimony adduced by the plaintiff, the justice rendered judgment against the defendant for $188 damages and $12 costs. On the same day the defendant appealed the case to the circuit court of Iowa county. That court, on motion of the defendant, dismissed the case for want of jurisdiction, holding that the judgment appealed from is void because the justice had no jurisdiction to render it, on account of the affidavit for the change of the venue to him not having stated any cause therefor, according to the statute. This presents the only question in the case.

The affidavit was clearly void. It stated that it was for prejudice *or other* cause, but failed to state what the cause was. The same point was decided in *Billings v. Noble*, 75 Wis. 329. The want of jurisdiction by the statute and by the record is freely admitted by the learned counsel of the appellant, but it is contended that the second justice had jurisdiction of the subject matter and of the parties, by consent and voluntary appearance and submission to hear and try the case. But this will not do. "The jurisdiction of the justice must appear upon the record of the justice, *and*

*in the way prescribed by the statute.*" This was said by the late Mr. Justice TAYLOR, in *Detroit Safe Co. v. Kelly,* 78 Wis. 134. That case was an action of replevin, brought before a justice of the peace. The affidavit for the warrant failed to show, as the statute required, that it was made by the party or by some one in his behalf. The justice tried the case and rendered judgment for the plaintiff. It was appealed to the circuit court and there tried, and judgment rendered for the plaintiff. A motion was made by the defendant to dismiss the case for want of jurisdiction, and was overruled. This court reversed the judgment, and remanded the cause with direction to dismiss it for want of jurisdiction in the justice to try the case and render the judgment, on the sole ground that the affidavit for the warrant in replevin was void because not in compliance with the statute. In that case the same point was made that the parties appeared and consented to the jurisdiction or waived it. Mr. Justice TAYLOR said: " Consent cannot confer upon the court jurisdiction of the subject matter of the action." This is a late case, and the question is the same in substance and effect. To the same effect is *Steen v. Norton,* 45 Wis. 412.

In *Plano Mfg. Co. v. Rasey,* 69 Wis. 246, an appeal was taken to the circuit court instead of to the municipal court of Rock county, to which last court only could appeals from justices be lawfully taken. But the circuit court retained jurisdiction, and tried the case and rendered judgment. The same argument of consent was made, but this court held that the circuit court could only obtain jurisdiction in such á case by the record and proceedings according to the statute, and reversed the judgment. To the same effect is the case of *Vogel v. Antigo,* 81 Wis. 642. It has been held by this court, in a case where a change of venue had been taken to another circuit court improperly, that such court might obtain jurisdiction by consent, but on the ground that the statute allowed changes of venue in

the circuit court by consent.  The statute does not provide for a change of venue from one justice to another by consent.  The circuit court very properly dismissed the case for want of jurisdiction.

*By the Court.*— The judgment of the circuit court is affirmed.

Upon a motion for a rehearing there was a brief for the appellant by *A. McArthur,* attorney, and *Aldro Jenks,* of counsel, and a brief for the respondent by *Wilson & Meyer.*

The motion was denied September 27, 1892.