Swan vs. Porter.

## SWAN, Respondent, vs. PORTER, Appellant.

*March 18 — April 30, 1897.*

(1) *Change of venue: Stipulation: Jurisdiction: Waiver.*   (2) *Wrongful attachment: Loss of profits.*

1. Under sec. 2622, R. S., the venue of an action cannot be changed, without the consent of the court having jurisdiction, by any mere stipulation of the parties; and the appearance of the parties and a trial without objection in the court to which the cause is so attempted to be removed is not a waiver of the want of jurisdiction in that court.

[2. Whether the owner of wool which had been loaded in cars for shipment under an agreement that an extra price was to be paid if the wool was delivered within a specified time can recover for the loss of such extra price from a person who, by wrongfully attaching the wool as the property of the consignee, prevented its delivery within said time, not determined.]

APPEAL from a judgment of the county court of Waukesha county: M. S. GRISWOLD, Judge.   *Reversed.*

The facts are stated in the opinion.

For the appellant there was a brief by *Chafin & Parkinson*, attorneys, and *G. W. Hazelton*, of counsel, and oral argument by *Mr. Hazelton* and *Mr. E. W. Chafin.*

*C. E. Armin*, for the respondent.

CASSODAY, C. J.   The complaint alleges, in effect, that June 8, 1895, the plaintiff was engaged in buying wool at Mukwonago, and had on hand 15,200 pounds of wool in a car of the Wisconsin Central Railway Company at that place for shipment to the Great Western Fur & Hide Company, of Chicago; that they had agreed with the plaintiff to pay him an extra price therefor, provided the wool should reach them as early as June 10, 1895, so that the same could be used in filling out a large consignment of wool for which the company had contracted; that June 8, 1895, the defendant

Swan vs. Porter.

swore out a writ of attachment against the Fur & Hide Company, and levied upon and seized the wool, and the plaintiff was thereby prevented from shipping the same until June 12, 1895, which was too late to secure the price the company had agreed to pay the plaintiff, and so he was obliged to sell the same at a loss of $284.18; that the loss was occasioned by the misconduct of the defendant in attaching the wool as the property of the Fur & Hide Company, when in truth and in fact it was the property of the plaintiff solely, as the defendant then and there well knew. The answer admits the attachment, the issuance of the warrant, and the seizure of the wool, but denies each and every other allegation of the complaint. This defendant, as plaintiff in the attachment action, voluntarily withdrew the same and released the wool, June 11, 1895.

At the close of the trial the jury returned a verdict in favor of the plaintiff for $284.18. The defendant moved for a new trial upon several grounds, and, among others, that the damages were excessive. The court thereupon ordered that a new trial be granted in said action, unless the plaintiff would remit from the damages awarded to him the sum of $91.68. The plaintiff then and there remitted from said verdict that amount, and judgment was thereupon entered in favor of the plaintiff for the balance, with costs. From that judgment the defendant brings this appeal.

1. It appears that this action was commenced in the circuit court for Waukesha county, July 5, 1895; that December 11, 1895, the attorneys for the respective parties signed and filed with the clerk a stipulation in said action, to the effect "that this case, together with all the papers and records therein, be transferred to the county court of Waukesha county, there to be placed upon the calendar with civil causes, to be tried at the then present term thereof; that the clerk of this court is hereby requested to transfer all of said papers and records in this case to the county court for

Waukesha county;" that February 6, 1896, the parties appeared in the county court, and stipulated to try the case therein at the March term, without further notice; that March 9, 1896, the clerk of the circuit court transmitted all the papers in the case to the county court pursuant to stipulation, and thereupon the trial was had in the county court at the March term thereof for 1896.

There is no claim that the action was not commenced in the proper county, or the proper court, nor that there was any reason to believe that an impartial trial could not be had in the circuit court, nor that the convenience of witnesses or the ends of justice would be promoted by such change. The contention is that the venue was changed solely by virtue of the stipulation mentioned, and without any order of the court, or the presiding judge, or any judge. The statute applicable declares that: "The *court or the presiding judge thereof* may change the place of trial in the following cases: . . . (4) When the parties or their attorneys shall stipulate in writing to change the place of trial; and, in the last case, the *order may be made by the judge.*" S. & B. Ann. Stats. sec. 2622. Under this section it is very obvious that in a case where the circuit court has the rightful and proper jurisdiction of an action and the parties thereto and the subject matter thereof, the court cannot, *without its consent*, be ousted of such jurisdiction by any mere stipulation of the parties.

The statutes go further, and declare, in effect, that when a change of the place of trial has been ordered by the court, all papers in the case "shall be certified and transmitted by the clerk of the court to the like clerk in the county to which the place of trial is changed, with a statement of his fees therefor and in the action, which shall be paid before the transmission, by the party procuring such change. The change shall be complete on filing the papers transmitted. If such transmission be not made within twenty days from

the making of the order to change the place of trial, . . .
such order shall be deemed vacated and no change for the
same cause thereafter made." S. & B. Ann. Stats. sec. 2627;
*Eldred v. Becker*, 60 Wis. 48; *Holt v. Coleman*, 61 Wis. 422;
*Mantz v. Werner*, 64 Wis. 408. Such failure to transmit the
papers, however, is an irregularity which may be waived.
*Starkweather v. Johnsen*, 66 Wis. 469.

It is contended that the fact that the defendant so stipu-
lated for such change of venue, and then appeared in the
county court and tried the cause without objection, was a
waiver of any want of jurisdiction. There are cases in
which this court has held that want of jurisdiction by reason
of a defect in the papers for a change of venue has been
waived; but it is believed that in all those cases the court
in which the cause was pending, or the judge thereof, con-
sented to surrender such jurisdiction by making an order,
or attempting to make an order, to change the venue. The
following are illustrations: *Montgomery v. Scott*, 32 Wis. 249;
*Carpenter v. Shepardson*, 43 Wis. 406, 412; *Schœffner's Estate*,
45 Wis. 614; *Magmer v. Renk*, 65 Wis. 364. On the other
hand, there are numerous cases in this court holding, in effect,
that such want of jurisdiction could not be waived by the
parties alone. *Dykeman v. Budd*, 3 Wis. 640; *Foster v.
Bacon*, 9 Wis. 345; *Hewitt v. Follett*, 51 Wis. 264; *Bullard
v. Kuhl*, 54 Wis. 544; *Plano Mfg. Co. v. Rasey*, 69 Wis. 246;
*Billings v. Noble*, 75 Wis. 325; *Winnebago Furniture Mfg.
Co. v. W. M. R. Co.* 81 Wis. 389; *Vogel v. Antigo*, 81 Wis.
642; *Hager v. Falk*, 82 Wis. 644; *Maher v. Davis & S.
Lumber Co.* 86 Wis. 530. In the first of these cases an ap-
peal had been taken from a justice of the peace to the county
court at a time when no such appeal could be taken to the
circuit court, but causes could be taken from the county
court to the circuit court on change of venue. Such being
the condition of things, the parties stipulated in writing to
the effect that the venue be changed from the county court

to the circuit court, and the judge of the county court was thereby authorized to change the venue accordingly, and that the cause be tried at the next term of the circuit court, and upon filing that stipulation the county court ordered the change according to the stipulation; but it was held that the circuit court got no jurisdiction. In *Bullard v. Kuhl*, 54 Wis. 544, it was held, in effect, that a circuit court having jurisdiction on appeal from a justice to hear the case on the original papers and return could not take jurisdiction to try the cause *de novo*, although the parties stipulated in writing that it should be so tried. We must hold that the cause remained in the circuit court, and that the county court acquired no jurisdiction.

2. It may be a serious question whether the complaint states a cause of action within the principles of law stated in *Guetzkow Bros. Co. v. A. H. Andrews & Co.* 92 Wis. 214. But, in view of the conclusion reached upon the other question, it becomes unnecessary, if not improper, to consider it here.

*By the Court.*— The judgment of the county court of Waukesha county is reversed, and the cause is remanded for further proceedings according to law.