JUNEK and others, Respondents, vs. BUZZELLI, Appellant.

*February 20—March 12, 1912.*

*Trial, place of: Stipulation: Pleading: Conversion: Justification: Accommodation note: Security given to maker: Release: Consent by holder of note.*

1. A stipulation by the parties that an action pending in the circuit court for one county shall be tried in another county in the same circuit with like effect as if tried in the county first mentioned, is valid and binding, where the circuit court has jurisdiction of all questions of that nature, the stipulation having the effect only to waive the rights of the parties to have the case tried within the first county and before a jury thereof.

2. A complaint stating that one of the plaintiffs was owner in possession and the others were mortgagees of a stated quantity of

timber and lumber of a specified value, cut from described lands, and that the defendant unlawfully took and converted the said property and all of it to his own use, to the damage of plaintiffs in a certain sum, states a good cause of action.

3. Where the answer in such case justifies the taking and conversion by virtue of a bill of sale from one of the plaintiffs and another person to defendant as security for an accommodation note executed by the latter at the request of one of the plaintiffs, such affirmative defense of justification is deemed at issue without reply; and plaintiffs may show in avoidance of such bill of sale that part payment and substituted security in part were given to defendant, in consideration of which, prior to the alleged taking and conversion, he orally released the chattel mortgage created by said bill of sale.

4. It is not necessary in such a case that the holder of the accommodation note consent to the release of the chattel mortgage.

APPEAL from a judgment of the circuit court for Barron county: A. J. VINJE, Circuit Judge. *Affirmed.*

The cause was submitted for the appellant on the brief of *W. F. McNally* and *W. T. Doar*, and for the respondents on that of *R. B. Hart* and *W. N. Fuller.*

TIMLIN, J. The parties by their attorneys stipulated in writing that this case, then pending in Barron county, should be tried at a regular term of the circuit court for Washburn county in the same circuit, "without prejudice and in like manner and with like effect and to all intents and purposes. as if tried in Barron county." Accordingly the case was tried before the court and a jury in Washburn county, a special verdict returned, and judgment ordered for the plaintiff, and the papers were then certified back to Barron county, where the clerk of that court, pursuant to the order for judgment, signed the judgment appealed from.

1. It is now contended by appellant that the circuit court for Washburn county never acquired jurisdiction and that the judgment entered in Barron county is void. This contention cannot be sustained. The stipulation was not a change of the place of trial within the rule of *Swan v. Porter*, 96 Wis. 34, 70

N. W. 1068, but a valid and binding agreement to try the cause in another county and before a jury of the latter county with the same legal effect as if tried in Barron county. *Oborn v. State,* 143 Wis. 249, 126 N. W. 737. No statute has been called to our attention which avoids or conflicts with such stipulation, and such agreements are not revocable at the pleasure of one of the parties. Consent, it is true, cannot confer upon a court jurisdiction of the subject matter of the controversy, but this is not such a case. The circuit court had by law jurisdiction of all cases of this class, and consent only had the effect to waive the right of the parties to have the case tried within Barron county and before a jury of that county.

2. A complaint stating as this does that one of the plaintiffs was owner in possession and the others were mortgagees of a stated quantity of timber and lumber of the value of $2,230 (cut from described lands), and that the defendant unlawfully took and converted the said property and all of it to his own use, to the damage of plaintiffs in all in the sum of $2,230, states a good cause of action, and upon oral demurrer is sufficient.

3. Where an answer justifies the taking and conversion by virtue of a bill of sale from one of the plaintiffs and another person, as in this case, and avers that the bill of sale was executed to the defendant to secure the payment of a note for $350 signed by the defendant at the request of and for the accommodation of one of the plaintiffs, and a schedule annexed to the bill of sale therein referred to and part thereof shows that it was given as security, the affirmative defense of justification is by our statute deemed at issue without reply on the part of the plaintiffs (sec. 2667, Stats. 1898), and the plaintiffs may show in avoidance of such bill of sale that part payment and substituted security in part were given to the defendant, in consideration of which, prior to the alleged tak-

ing and conversion, he orally released the chattel mortgage created by said bill of sale.

. 4. In such case it is not necessary that the bank to which he gave his accommodation note consent to the release of the chattel mortgage. *Bassett v. Hughes,* 43 Wis. 319, and such like cases are not in point here. The mere fact that a surety receives security from his principal does not incapacitate the surety from dealing with his principal with reference to such security. No one but the creditor or a cosurety, under certain equitable circumstances not at all present here, can object to such release, and the bank is not here objecting. No other assignments of error seem sufficiently serious to call for further discussion.

*By the Court.*—Judgment affirmed.

.VINJE, J., took no part.