BLUMME, Respondent; vs. TIERNEY, Appellant.

*December 15, 1923—January 15, 1924.*

*Justices of the peace: Change of venue: Sufficiency of affidavit: Correction but not re-execution: Entry in docket: Effect and presumption on certiorari: Fugitive affidavit: Correction of return of justice: Adjournment: Jurisdiction of justice.*

1. An affidavit for a change of venue on the ground that the justice of the peace "will not decide impartially the matter therein pending from other great cause or prejudice that the above justice has against this defendant," is insufficient; but if the words "other" and "cause or" be stricken out and the affidavit be then signed and sworn to, it is good.   p. 513.

2. Under sec. 3574, Stats., requiring a justice of the peace to enter in his docket "all other proceedings before him in the cause which he may think useful," a recital that certain words were stricken from an affidavit after the same was presented, and that the affidavit was not again sworn to by affiant, was a proper entry, became a public record, and a verity in an action of *certiorari* to review the judgment of the justice's court.   p. 513.

3. An insufficient affidavit for a change of venue, rendered good by the striking therefrom of certain words, but not thereafter again sworn to, affords no basis for change of venue.   p. 514.

4. On *certiorari* in the superior court of Dane county to review a judgment of a justice's court, the jurisdiction of the justice must be determined by the return upon the writ alone; and a fugitive affidavit filed in the superior court after the return upon the writ cannot be considered.   p. 514.

5. If the record in the return upon the writ is not in conformity with the fact, it may, as a general rule, be corrected only by a proceeding brought for that purpose.   p. 514.

6. An adjournment by a justice of the peace for the purpose of getting information as to the validity of an affidavit for change of venue does not deprive him of jurisdiction in view of sec. 3630, Stats. 1921, authorizing an adjournment of the case for not more than three days without the consent of either party.   p. 514.

APPEAL from a judgment of the superior court of Dane county: AUGUST C. HOPPMANN, Judge.   *Affirmed.*

*Certiorari* to review a judgment of a justice's court. From the judgment of the superior court affirming the judgment of the justice's court defendant appealed.

For the appellant there was a brief by *F. K. Shuttleworth* and *F. D. Shuttleworth,* both of Madison, and oral argument by *F. K. Shuttleworth.*

*Robert N. Nelson* of Madison, for the respondent.

OWEN, J.   On the 21st day of February, 1922, *Peter Blumme* brought an action against *Michael Tierney* in justice's court for the village of Waunakee, Dane county.  Upon the return day the defendant filed an affidavit for a change of venue which (venue and signatures omitted) appears in the record as follows:

"*Michael Tierney,* being first duly sworn on oath, deposes and says that he is the defendant above named and that he verily believes that the above named justice, Jas. F. Taylor, will not decide impartially the matter therein pending, from ~~other~~ great ~~cause or~~ prejudice that the above justice has against this defendant, *Michael Tierney.*  And the defendant herein demands that the above entitled action be sent to the nearest qualified justice to try said action."

The justice thereupon made the following entry in his docket:

"Defendant appeared personally and offered to the court an affidavit for change of venue, and the court held that the affidavit was not such as the law required and continued the case in order to get information as to the validity of the affidavit and case continued until March 4, 1922, at 9 o'clock in the forenoon at my office in Waunakee, Dane county."

Upon the adjourned date the following docket entries were made:

"March 4, 1922.  Case called at my office in village of Waunakee at 9 o'clock in the forenoon.  Plaintiff appeared by R. N. Nelson, his attorney, by James Christianson. Defendant did not appear, and the court, after considering the matter of the affidavit for removal, finds that on the return day defendant presented to the court the affidavit for removal, and upon the court questioning the validity of the affidavit the defendant then and there in the pres-

ence of the court and others proceeded to erase from, strike out, the three words crossed with a pen and ink, and after such alteration the defendant did not verify, and was not again sworn to such affidavit. Hence the 'court holds that the affidavit void, and that the court has full jurisdiction of the case, and proceeded to hear the same."

It is the contention of the appellant that the filing of the above affidavit for change of venue deprived the justice of jurisdiction, and that further proceedings in that court, including the rendition of the judgment, were void. As originally drawn, the affidavit states as a ground for a change of venue that "the above named justice, Jas. F. Taylor, will not decide impartially the matter therein pending, from other great cause or prejudice that the above justice has against this defendant, *Michael Tierney.*" This did not constitute a sufficient affidavit for a change of venue. *Billings v. Noble,* 75 Wis. 325, 43 N. W. 1131; *Hager v. Falk,* 82 Wis. 644, 52 N. W. 432. The affidavit discloses on its face, however, that at some time subsequent to the drafting thereof the words "other" and "cause or" were stricken from the affidavit by drawing a pen through said words. If the affidavit had been signed and sworn to after said words were stricken it would have been a good and sufficient affidavit to entitle the defendant to a change of venue. In his docket, however, the justice recites that the words were stricken from the affidavit after the same was tendered, accompanied by a demand for a change of venue, and that the affiant did not again swear to the affidavit after the same was so changed. If such was the fact, then the affidavit was never sworn to in its present form. Sec. 3574, Stats., requires the justice to enter in his docket "all motions made in a cause, and his decision thereon, and the exceptions taken thereto, and all other proceedings before him in the cause which he may think useful." The recital found in the docket to the effect that the words were stricken from the affidavit after the same was presented and was not again sworn to by the affi-

ant, was a proper entry made pursuant to the statutory provision just quoted and thereby became a public record and a verity for our present purposes. *Chippewa B. Co. v. Durand,* 122 Wis. 85, 99 N. W. 603. We must therefore assume that the affidavit was not sworn to in its present form and constituted no basis for a change of venue.

We find a fugitive affidavit in the record which purports to have been filed in the superior court March 19, 1923, sometime after the return to the writ was filed in that court, in which affiant deposes that the words were stricken from the affidavit before the same was sworn to by the defendant. For obvious reasons that paper cannot be considered. The question of the jurisdiction of the justice must be determined upon the return and that alone. If it be claimed that the record is not in conformity with the fact, it may, as a general rule, be corrected only in a proceeding brought for that purpose.

Appellant further claims that the justice of the peace had no power to adjourn the case for the purpose of considering the affidavit. Without deciding the effect of such an adjournment upon the filing of a sufficient affidavit for a change of venue, it is sufficient to say that sec. 3630, Stats., authorizes a justice of the peace, upon the return of a summons, to adjourn the case not exceeding three days without the consent of either party. It thus appears that neither the affidavit nor the adjournment deprived the justice of the peace of jurisdiction, and the judgment of the justice's court was properly affirmed by the superior court.

*By the Court.*—Judgment affirmed.