WILL OF HILL: JUERGENS and another, Appellants, vs. RICHARDSON and others, Respondents.*

*June 2—July 3, 1953.*

* Motion for rehearing denied, without costs, on September 11, 1953.

412

For the appellant Carl H. Juergens there was a brief and oral argument by *Mr. Juergens, in pro. per.*

For the appellant Perry J. Stearns there was a brief and oral argument by *Mr. Stearns, in pro. per,* and as attorney for the Robert Hill Foundation.

There was also oral argument by *Berthold L. Berkwich* of Milwaukee, for the Robert Hill Foundation.

For the respondents there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Edward H. Borgelt* and *Wayne J. Roper* of counsel, all of Milwaukee, and oral argument by *Mr. Roper.*

GEHL, J. Mr. Juergens appeals from that part of the order of August 15, 1952, which allows him only a balance of $2,500 upon his claims filed for services rendered until and including October 10, 1951, and from that part thereof which entirely disallows his claim filed on June 26, 1952, for services rendered between October 10, 1951, and June 25, 1952. His appeal requires consideration of the court's action which affects all claims filed by him. He claims no error with respect to the other provisions of the order.

He contends that the court's allowance of Mr. Robertson's claim in the amount provided for him in the stipulation makes the stipulation "impregnable," binds the court with respect to its other provisions, and cites a number of cases in support of his contention. The cases are not in point. They deal with contracts in which there is no interest except that of

the parties thereto and where performance is required of one who has received and enjoyed the fruits thereof. The stipulation in this case is not a contract at all. At most it is a suggestion to the court as to what amounts should be allowed in the way of fees. The matter of fees is one for determination by the court. *Estate of Teasdale,* 261 Wis. 248, 52 N. W. (2d) 366.

He contends that Judge STAUFF's order of October 19, 1951, calling in Judge PATTISON may not be construed as granting authority to the latter to act on his claims, that such authority is limited by a previous order, also signed by Judge STAUFF, on October 10, 1951. The second order supersedes the first and provides that Judge PATTISON shall "hear, try, and determine all of the issues" that may come before the court in the matter of the estate of John A. Hill, deceased.

After Mr. Juergens had appeared twice before Judge PATTISON upon the matter of his claims, on June 2, 1952, he filed an affidavit of prejudice reciting that he believes that "from prejudice or other cause" the judge will not decide impartially. Following that, and on June 27, 1952, he filed another claim in the sum of $3,179.19 for services rendered between October 11, 1951, and June 25, 1952, the latter being the date upon which the appeal reported in *Will of Hill,* 261 Wis. 290, 52 N. W. (2d) 867, seems to have been taken. He contends that the affidavit served to oust the judge of jurisdiction. The recital, "from prejudice or other cause" is in the alternative, and "neither states the fact of prejudice nor any other cause, but simply that it is one *or* the other, without any possibility of ascertaining which." The affidavit was void. *Billings v. Noble,* 75 Wis. 325, 330, 43 N. W. 1131; *Hager v. Falk,* 82 Wis. 644, 52 N. W. 432; *Blumme v. Tierney,* 182 Wis. 511, 196 N. W. 867.

Mr. Juergens was paid $2,000 pursuant to the order of January 10, 1952, and the $2,500 allowed him by the order

from which he appeals. He accepted the fruits of the order and therefore cannot maintain an appeal therefrom even though he may not have intended to relinquish such right. *Hanson v. Chicago & L. S. R. Co.* 167 Wis. 335, 167 N. W. 450.

The appeal of Mr. Stearns is from the whole of the order of August 15, 1952, and also the order of March 5, 1952, which allows $2,000 to Mr. Robertson.

He argues at some length concerning his rights under and the effect of the stipulation to which we have referred. In so far as his own fees are concerned it is sufficient to refer to what we have said regarding acceptance by Mr. Juergens of the amount allowed him by the order of August 15, 1952. Mr. Stearns also accepted what was allowed him, and he may not complain. No more need be said concerning the attack which he makes upon his allowance. As in the case of Mr. Juergens all of his claims had been filed when the order was entered.

The claim of Clark M. Robertson in the amount of $2,000 for services rendered by him as a trustee is verified by his attorney and is stated in very general terms. On April 13, 1951, an objection thereto was made by the attorneys for the Foundation. Nowhere in the record do we find any evidence suggesting the nature and extent of his services nor their value. As we have already observed, the court was not bound by the terms of the stipulation for fees. That part of the order of March 5, 1952, allowing Mr. Robertson $2,000 and from which Mr. Stearns appeals, is therefore without support. The cause should be remanded for further proceedings to determine what sum should be allowed Mr. Robertson for his services.

*By the Court.*—Upon the appeal of Carl H. Juergens the order is affirmed. Upon the appeal of Perry J. Stearns from that part of the order which allows him for fees and disbursements the order is affirmed; and that part of the order allow-

415a

ing compensation for services to Clark M. Robertson is reversed, and cause remanded for further proceedings in accordance with this opinion.

The following memorandum was filed September 11, 1953:

GEHL, J. (*on motion for rehearing*). The respondents Emmet L. Richardson and Clark M. Robertson, two of the trustees under the will of John A. Hill, deceased, have moved for rehearing. They call attention to the fact that no appeal was taken from the order of March 3, 1952, allowing fees to Clark M. Robertson, until October 3, 1952, more than sixty days from the date of the entry of the order, sec. 324.04 (1), Stats. The matter was overlooked and we are willing to share the blame with counsel who made no reference to the matter in their briefs submitted upon the appeal. We have no jurisdiction but to dismiss the appeal. *Estate of Pitcher*, 240 Wis. 356, 2 N. W. (2d) 729.

*By the Court.*—That part of the mandate which provides that "that part of the order allowing compensation for services to Clark M. Robertson is reversed, and cause remanded for further proceedings in accordance with this opinion" is withdrawn, and there is substituted therefor the following: "The appeal of Perry J. Stearns from the order of March 3, 1952, allowing fees to Clark M. Robertson, is dismissed." No motion costs to be taxed.