HANSON and others vs. CHICAGO & LAKE SUPERIOR RAIL-
WAY COMPANY and others, Respondents: CENTRAL LO-
COMOTIVE & CAR WORKS, Appellant.

*April 3—April 30, 1918.*

*Appeal: Waiver of right: Acquiescence in order: Acceptance of
benefits.*

1. A party who intentionally accepts the fruits of an order cannot
   maintain an appeal therefrom, even though he did not intend
   to relinquish such right.
2. Where, on petition of the vendor of a railway car, the receiver of
   the insolvent purchaser was ordered to deliver the car to the
   vendor upon condition that the latter surrender unpaid notes
   given for the purchase price, and the vendor thereafter took the
   car without surrendering the notes, such taking must be deemed
   to have been in pursuance of the order and the vendor cannot
   thereafter appeal therefrom.
3. A suggestion by the receiver that the vendor remove the car be-
   fore the track laid by the purchaser should be taken up gave the
   vendor no rights contrary to the order and did not prevent the
   removal from being an acquiescence in the order.

APPEAL from an order of the circuit court for Dane
county: MARTIN L. LUECK, Judge. *Dismissed.*

Petition by the *Central Locomotive & Car Works* to re-
cover possession of a combination passenger and baggage car
sold to the *Chicago & Lake Superior Railway Company,* an
insolvent corporation.    At the time the petition was filed the
car was in the possession of *Frank W. Lucas,* the receiver of
the corporation.    Evidence was taken, and on October 10,
1917, the court made an order directing the receiver to de-
liver the car to the petitioner upon condition that it surrender
to the receiver the balance of the unpaid notes which it held
for the purchase price of the car.    This order was under-
stood by the receiver to be satisfactory to the petitioner,
though its attorney stated at the time it was announced by
the court that he could not stipulate that such an order
should be made.    On October 27, 1917, the receiver wrote

to the petitioner stating that if it had not already removed
the car it might be advisable for it to do so at once as the
purchaser of the steel of the insolvent corporation had made
arrangements to take up its track, and if not removed before
the track was taken up it might occasion petitioner consid-
erable expense to remove the car.    On November 9, 1917,
the petitioner appealed from the order made, and on the
next day it removed the car to Chicago Heights, Illinois, and
still retains the same.    The receiver and the defendant *Chi-
cago & Lake Superior Railway Company* seasonably moved
to dismiss the appeal on the ground that petitioner, by tak-
ing the car, acquiesced in the terms of the order and could
not maintain an appeal therefrom.    The motion to dismiss
the appeal was argued with the merits of the case.

*Rufus B. Smith* of Madison, for the appellant.

*Frank W. Lucas* of Madison, the respondent receiver,
*pro se.*

For the respondents *Chicago & Lake Superior Railway
Company, Robe Dow,* and *B. L. Delameter* there was a brief
by *Richmond, Jackman, Wilkie & Toebaas* of Madison, and
oral argument by *Harold M. Wilkie.*

Vinje, J.    The petitioner urges that since the receiver
wrote and suggested that it remove the car it had a right to
do so without acquiescing in the order made, and that its
taking the car could not affect its right to appeal from the
order made.    The letter of the receiver was no doubt
prompted, as stated by him, by the fact that he thought the
order made was acceptable to the petitioner, and that to save
it expense he wrote advising it of the pending removal of
the track.    But if not so, the petitioner knew that the re-
ceiver had no right to modify or violate the order of the
court, and that it could acquire no right from the receiver
contrary to the court's order.

Claim is also made that the car was taken by the petitioner
to protect it from injury and to save expense.    But there is

nothing to show that the receiver would not have adequately cared for it, and certainly no good reason is presented why it should, without leave of the court, have been taken outside of its jurisdiction for protection only. The petitioner must have taken the car either under or in spite of the order. We cannot assume that it intentionally violated the court's order, hence it must be deemed to have taken the car in pursuance thereof. Having so taken it, no appeal by petitioner lies from the order even though it did not, as it says, intend to relinquish its right of appeal. For a party who intentionally accepts the fruits of an order cannot maintain an appeal therefrom.

*By the Court.*—Appeal dismissed.