Robert J. CORLISS, Petitioner-Respondent,

v.

Deborah M. CORLISS, Respondent-Appellant.

Court of Appeals

*No. 81–1279. Submitted on briefs February 8, 1982.—*
*Decided April 23, 1982.*
(Also reported in 320 N.W.2d 219.)

For the respondent-appellant the cause was submitted on the briefs of *Donald D. Johnson* and *Jeffrey W. Younger* and *Lee, Johnson, Kilkelly & Nichol, S.C.*, of Madison.

For the petitioner-respondent the cause was submitted on the brief of *George E. Aumock* and *Lawton & Cates* of Madison.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

GARTZKE, P.J.  Deborah Corliss appeals from the judgment divorcing her from Dr. Robert Corliss. Deborah seeks review of valuations in the property division, the failure to provide for interest on property installment payments, the family support award for her and the three children, and denial of contribution to her attorney's fees. We remand for necessary findings as to support and for consideration whether interest should be paid, and otherwise affirm.

The trial court found that the parties have assets of $332,685, liabilities of $61,062, and a net of $271,623, of which Deborah was entitled to $135,812. The court assigned specific property having a value of $61,930 to Deborah and ordered that the $73,882 balance of her share be paid in one $10,000 payment due in sixty days and in monthly payments of $523.63 for ten years and two months.

During the pendency of the action, Robert paid $1,320 per month in support for the family. This was later increased to $1,520. Deborah requested a permanent monthly award of $3,346 net after taxes. The trial court awarded $1,200 permanent monthly family support, based on a rough calculation of $300 per person.

After Deborah rested her case, her counsel asked for contribution to attorney's fees. An itemized statement of her fees was presented with her post-trial brief to the court. The court refused to order a direct contribution to Deborah's fees because they had not been proved at the trial, but said that one reason for the $10,000 lump sum payment in the property division was to help her pay the fees and other debts.

## 1. Valuation Of Assets

### A. Pension Plan

Robert's assets include four pension plans. An accountant testifying for Robert calculated the present value of the plans as $33,655. The trial court accepted that valuation. Appellant attacks the valuation as speculative and asserts (without providing her calculations) that the correct valuation is $59,180.

The accountant reduced the current values of the plans by the income tax which must be paid when the amounts invested are paid to Robert on retirement. To compute the tax, the accountant projected the present values of the plans to Robert's retirement, assuming a six percent annual growth during the seventeen intervening years; projected a twelve percent annual growth of Robert's rental properties and a six percent annual growth of his other investments in the same period and assumed that those investments would be converted to a six percent investment at retirement; estimated his annual income from the plans and other investments at retirement; computed the state and federal income taxes on that income; found the effective tax rate to be forty-four percent; and reduced the current values of the plans by that percentage.

Appellant contends that the projected growth of Robert's investments other than the pension plans is based on unfounded assumptions, e.g., that he will continue to own these assets and that they will appreciate at twelve percent per year; that he will not use investment income for personal consumption; and that he will never dispose of the assets. She contends it is improper to assume Robert will dispose of his other assets and reinvest in conservative investments. She asserts that the tax rate structure in 1996 may not be the same as in 1980.

Valuation of all assets, including the present value of a pension plan, is admittedly somewhat speculative. *Holbrook v. Holbrook,* 103 Wis. 2d 327, 340, 309 N.W.2d 343, 349 (Ct. App. 1981). As a result, the trial court is accorded wide discretion in valuing and dividing a pension plan. *Bloomer v. Bloomer,* 84 Wis. 2d 124, 134, 267 N.W.2d 235, 240 (1978). Because pension plans are a method of postponing and reducing the impact of income taxes, calculating the effect of those taxes is important. Future taxes reduce the present value of the plans. *Selchert v. Selchert,* 90 Wis. 2d 1, 9, 280 N.W.2d 293, 297 (Ct. App. 1979). It is impossible to assay the tax consequences without assuming that future tax rates will at least equal present rates. The other assumptions employed by the accountant are reasonable.

The trial court reviewed the evidence and Deborah's arguments before finding the value of the retirement plans. Deborah provided no evidence as to the proper valuation. We cannot, on this record, find that the court abused its discretion in valuing the plans.

### B. *Business Equipment*

Robert is a physician specializing in cardiology. He testified that his office equipment has a total value of $500. He testified he could not sell his medical equipment because it is technologically obsolete. The trial court valued Robert's office equipment at $500.

Appellant contends that Robert's equipment is worth much more than $500. It cost far more. Robert's 1978 tax return reflects a depreciation basis for his equipment in excess of $40,000. Its book value, cost less depreciation, is easily computed. Appellant argues that the equipment has a greater value than $500 in any event

because it generates income tax deductions for depreciation which approach $10,000 annually and because he avoids the cost of new equipment by using his present equipment. Appellant presented no evidence on the issue.

That fair market value is the proper method of valuing property for purposes of divorce has been treated as a given by this court and our supreme court. *Markham v. Markham,* 65 Wis. 2d 735, 743–44, 223 N.W.2d 616, 620 (1974) ; *Fuerst v. Fuerst,* 93 Wis. 2d 121, 127–29, 286 N.W.2d 861, 863–64 (Ct. App. 1979). Treating it as an original question, a valuation based on utility to one person rather than market value would inject more uncertainty into an already uncertain area. Cost, even adjusted for depreciation, may have little relation to present value. Depreciation is deductible partly because some assets do not last forever and must be replaced. To convert that expense to an asset would twist the justification for the tax deduction. We reject appellant's arguments that the trial court abused its discretion because it failed to value Robert's equipment according to its acquisition or replacement cost, its book value, or its ability to generate tax deductions.

## C. *Real Estate Investments*

Appellant contends that Robert's real estate investments are tax shelters and that the trial court should have considered their "extraordinary effect" on his taxable income and cash flow. We cannot review this argument. Appellant did not specifically explain that effect at the trial or on appeal. We are not persuaded that the trial court abused discretion in valuing these assets.

## 2. Interest On Property Award

Appellant contends she should receive interest on the $63,882 payable to her in monthly installments as part of the property division.

The trial court noted that spreading the payments offered significant tax savings to Robert, because they presumably qualify as tax deductions for him. 26 U.S.C. secs. 71(a)(1) and (c)(2) and 215(a). The court noted without discussion that it had not required him to pay interest on the balance due. The court emphasized, however, that the balance is due Deborah despite the future marital status of either party and is chargeable as a claim against Robert's estate.

Interest may be required in a property division payable in future installments. *Markham,* 65 Wis. 2d at 751, 223 N.W.2d at 623. The *Markham* court suggested but did not require that on remand the trial court consider imposing interest on deferred payments due the wife. In *Williams v. Williams,* 36 Wis. 362, 369 (1874), interest was imposed on a lump sum, substituted for periodic alimony, from the time the judgment was entered.

Although several states leave the matter entirely to the discretion of the trial court, most states which have considered the question favor some provision for interest on the deferred payments.[1] In holding that failure to

[1] *Haguewood and Haguewood,* 638 P.2d 1135, 1142 (Or. S. Ct. 1981) (interest appropriate because property division in form of periodic payments defers the ability of the recipient to use the unpaid principal); *Balvin v. Balvin,* 301 N.W.2d 678, 680–81 (S.D. 1981), quoting *Lien v. Lien,* 278 N.W.2d 436, 444 (S.D. 1979) (interest at the "going rate" is the general rule, but court may order lower rate or none if such is an "integral part of the overall plan for property division"); *Arnold v. Arnold,* 140 N.W. 2d 874, 877 (Iowa 1966) (specific monetary awards for property settlements automatically draw interest); *Ovens v. Ovens,* 376 P.

provide for interest was an abuse of discretion, the Washington Supreme Court required "some apparent reason for giving one spouse the use, for business purposes, of the money of the other without interest." *Berol v. Berol*, 223 P.2d 1055, 1056 (Wash. S. Ct. 1950). Interest need not be imposed where it would be extremely burdensome, as when most of the assets of the obligated spouse are in a heavily indebted business. *In re Marriage of Young*, 569 P.2d 70, 72–73 (Wash. App. 1977). *Accord, Phillips v. Phillips*, 464 P.2d 876, 880 (Colo. S. Ct. 1970).

We conclude that whether to allow interest on the balance due on a property division payable in the future, including a balance payable in installments, should rest with the sound discretion of the trial court. Because a person who owes money normally pays interest, the trial court when exercising its discretion must explain why it has not awarded interest on the balance due. The trial court has not provided that explanation.

If we conclude, as here, that the trial court's exercise of discretion rests on an incomplete analysis, we must remand the matter for further consideration. *Wis. Asso. of Food Dealers v. City of Madison*, 97 Wis. 2d 426, 435, 293 N.W.2d 540, 545 (1980). Accordingly, we will remand this matter for the trial court to award interest on the installment payments or to state why it has not.

2d 839, 842 (Wash. S. Ct. 1962), and *Berol v. Berol*, 223 P.2d 1055, 1056 (Wash. S. Ct. 1950) (failure to provide interest on deferred payments, in absence of sound reason, is abuse of discretion). *Compare Johnson v. Johnson*, 307 N.W.2d 783, 787 (Neb. 1981) (trial court may provide that allowance payable in installments will not draw interest until payments are due); *Price v. Price*, 484 P.2d 532, 535 (Okla. 1971) (interest is within trial court's discretion).

### 3. *Family Support Award*

Appellant contends that the family support award of $1,200 per month is inadequate and was fixed without consideration of all the relevant factors. She contends that she needs $3,346 per month net after taxes. Our review is limited to whether the trial court abused its discretion. *Edwards v. Edwards,* 97 Wis. 2d 111, 116, 293 N.W.2d 160, 163 (1980). The exercise of discretion is the process of reasoning from facts of record to a conclusion based on a logical rationale employing proper legal standards. *Christensen v. Economy Fire & Casualty Co.,* 77 Wis. 2d 50, 55–56, 252 N.W.2d 81, 84 (1977).

Family support is a substitute for child support and maintenance. Sec. 767.261, Stats. It is determined by assessing the family's needs and the paying spouse's ability to pay. *Holbrook,* 103 Wis. 2d at 342, 309 N.W.2d at 350. The relevant factors showing family need typically include the recipient spouse's assets and income, special needs, age, health and the family's customary station in life. Factors relevant to ability to pay include the paying spouse's income, assets, debts, age and health. *Edwards,* 97 Wis. 2d at 116, 293 N.W.2d at 163, quoting *Anderson v. Anderson,* 72 Wis. 2d 631, 643, 242 N.W.2d 165, 171 (1976). The court should consider the tax consequences of the award. *Parsons v. Parsons,* 68 Wis. 2d 744, 758, 229 N.W.2d 629, 636 (1975).[2]

[2] Section 767.26, Stats., lists as the factors the trial court should consider before awarding maintenance: length of marriage; age, physical and emotional health of the parties; division of property; educational level of the parties; earning capacity of party seeking maintenance; feasibility of that party becoming self-support-

To award support without evidence of the financial needs of the recipient spouse and children is arbitrary and an abuse of discretion. *Edwards*, 97 Wis. 2d at 118, 293 N.W.2d at 164. Here the record contains evidence regarding the family's needs and Robert's ability to pay but no connection between the evidence and the $1,200 monthly award for family support. The connection is missing because the court made no findings as to need and ability to pay as a factual basis for the exercise of its discretion.

We know from the trial court's memorandum opinion that Deborah had to seek additional money beyond the $1,520 monthly temporary support awarded to her. We know her financial exhibits show that she and the children need $3,346 per month but that some checks she wrote for groceries or liquor were paid in cash. We know that the court felt Deborah's budget shows a relatively affluent lifestyle. We cannot infer from those findings or observations that Deborah and her children need $1,200 per month. We know from the memorandum decision that Robert's tax returns show he averaged over $65,000 in adjusted gross income in recent years, that he nevertheless claims a negative cash flow of $15,000 and that the evidence shows he lives frugally; but we have no finding as to how much support he can pay.[3]

Were we to review the record to determine whether the absent findings as to need and ability, had they been made, would have formed a factual basis for the discretionary decision to award $1,200 family support, we

---

ing at the standard of living enjoyed during the marriage; tax consequences to each party; nuptial or prenuptial agreement; and one spouse's contribution to the education or earning power of the other.

[3] Robert does not contest his ability to pay $1,200 monthly family support on this appeal. We note the omitted necessary finding for purposes of complete analysis.

might be engaging in fact finding. The constitution precludes us from resolving disputed factual issues. *Wurtz v. Fleischman*, 97 Wis. 2d 100, 107 n. 3, 293 N.W.2d 155, 159 (1980). In any event, we decline to review the record to determine whether the absent factual findings, if made, would be contrary to the great weight of the evidence. The parties are far apart. The findings are best made by the trial court. *Compare Termination of Parental Rights to T.R.M.*, 100 Wis. 2d 681, 688–89, 303 N.W.2d 581, 584 (1981) (appellate court will not sift memorandum decision for necessary findings and conclusions not formally made in domestic law controversy).

Accordingly, because findings as to need and ability to pay have not been made and we cannot discern how the trial court arrived at the amount awarded, we set aside the award. If we conclude that a trial court's exercise of discretion rests upon an incomplete analysis, we must remand the matter. *Wis. Asso. of Food Dealers, supra.* We do not reach the merits of appellant's claim that the award should be greater.

### 4. Attorney's Fees

Appellant argues that under *Tesch v. Tesch*, 63 Wis. 2d 320, 217 N.W.2d 647 (1974), evidence of attorney's fees need not be introduced at trial to support contribution to her attorney's fees.

The *Tesch* court deemed it the "better practice" to present evidence on attorney's fees when testimony is taken on other matters but held the absence of such procedure was not error. 63 Wis. 2d at 334, 217 N.W.2d at 654. Although *Tesch* has never explicitly been overruled, it has not been followed. The party requesting contribu-

tion must establish and the trial court must make findings of fact as to the reasonableness of the total fees, the need of one spouse for contribution and the ability of the other spouse to pay. *Anderson,* 72 Wis. 2d at 646, 242 N.W.2d at 173; *Holbrook,* 103 Wis. 2d at 343, 309 N.W.2d at 351; *Selchert,* 90 Wis. 2d at 15–16, 280 N.W. 2d at 300. The trial court's denial of contribution to attorney's fees will not be overturned.

*By the Court.*—Judgment vacated, insofar as it orders family support. The matter is remanded for further findings as to support and interest on future installment payments. Jurisdiction is not reserved.