Rodney L. OVERSON, Plaintiff-Respondent
and Cross-Appellant,

v.

Sylvia E. OVERSON, Defendant-Appellant
and Cross-Respondent.

Court of Appeals

*No. 84–963. Submitted on briefs March 13, 1985.—*
*Decided May 8, 1985.*
(Also reported in 370 N.W.2d 796.)

For the defendant-appellant and cross-respondent, the cause was submitted on the briefs of *Giulio Fornary,* of Racine.

For the plaintiff-respondent and cross-appellant, the cause was submitted on the brief of *Thomas Krohn* of *Constantine, Christensen, Krohn & Kerscher, S.C.,* of Racine.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

NETTESHEIM, J.   Sylvia E. Overson appeals and Rodney L. Overson cross-appeals from the terms of a

divorce judgment entered on March 27, 1984. Sylvia claims that the trial court abused its discretion by failing to award interest on or consider the present value of installment payments it ordered Rodney to make over a ten-year period as a part of the property division. In addition, Sylvia claims the trial court erred by ordering maintenance payments to cease if Sylvia cohabits with another person. We agree with Sylvia as to both issues. We therefore remand the matter with instructions to award interest, explain why interest was not awarded, or consider the present value of the installment payments. We also modify the judgment of divorce to eliminate the provision that maintenance payments cease if Sylvia cohabits with another person.

On cross-appeal, Rodney argues that the trial court abused its discretion by ordering maintenance payments of $1000 per month and by failing to valuate the marital estate as it existed at the time this action was filed rather than at the time of divorce. We reverse the maintenance award because the trial court treated certain assets in the marital estate as both assets subject to property division and as income in determining the appropriate level of maintenance. We find no abuse of discretion as to the trial court's valuation of the marital estate at the time of divorce and we therefore affirm the valuation.

Sylvia and Rodney were married on April 14, 1950. At the time of divorce, Sylvia was fifty-five years old and Rodney was fifty-four. They have five children, one of whom was a minor at the time of divorce. Rodney is a fifty percent owner of a real estate partnership. Sylvia was responsible for homemaking and child care throughout the marriage and has not been employed outside of the home for several years.

Although the divorce action was commenced in May, 1970, the divorce was not granted until April, 1981. During this period, the value of the marital estate in-

creased substantially, largely as a result of the acquisition and appreciation of real estate holdings. At the time of divorce, the trial court determined that the value of the net marital estate was $484,869. In the property division, Sylvia was awarded the homestead, valued at $60,000, and the sum of $165,000, payable in eleven installments of $15,000. Sylvia, therefore, received approximately forty-six percent of the marital estate. Rodney was awarded the remaining assets and received approximately fifty-four percent of the marital estate. These percentages, however, do not reflect any consideration of present value.

We first consider whether the trial court abused its discretion by failing to explain why it did not order interest to be paid on the installment payments it ordered Rodney to pay over a ten-year period or by failing to consider the present value of the installment payments. We conclude that the trial court abused its discretion because the judgment of divorce does not reflect a consideration of interest payments or of present value. We therefore reverse and remand this aspect of the property division.

The property division requires Rodney to make eleven installment payments of $15,000 over a ten-year period. The total amount of these payments is $165,000.

Whether to allow interest on the balance due on a property division payable in installments is within the discretion of the trial court. *Corliss v. Corliss,* 107 Wis. 2d 338, 347, 320 N.W.2d 219, 223 (Ct. App. 1982). If the trial court does not award interest in exercising that discretion, it must explain its reasons. *Id.* Either by awarding interest, *id.,* or by considering the present value of property division payable in the future, *Jasper v. Jasper,* 107 Wis. 2d 59, 69, 318 N.W.2d 792, 797 (1982), the trial court must compensate the recipient spouse for the money the award would earn during the installment

period if it had been paid in full at the time of judgment or explain its failure to do so.

Here, the record does not reveal any consideration by the trial court of awarding interest on the installment payments nor of the present value of those payments.[1] Because we conclude that the trial court's exercise of discretion rests on an incomplete analysis, we remand the matter for further consideration. *See Corliss* at 347, 320 N.W.2d at 223.

Sylvia also argues that the trial court erred by ordering maintenance payments to cease if Sylvia cohabits with another person.[2] We conclude that such a provision was improper and we modify the maintenance award to eliminate the provision.

The award of maintenance is within the sound discretion of the trial court. *Vander Perren v. Vander Perren*, 105 Wis. 2d 219, 226–27, 313 N.W.2d 813, 817 (1982). An abuse of discretion occurs when the trial court applies an erroneous rule of law. *Gould v. Gould*, 116 Wis. 2d 493, 498, 342 N.W.2d 426, 429 (1984).

The notion that cohabitation alone is sufficient reason to terminate maintenance payments was clearly rejected

---

[1] The trial court thoroughly discussed the factors listed in sec. 767.255, Stats., in making findings of fact in regard to the property division. It noted that the crucial factor in the property division was the fact that the marital estate increased substantially between the date the action was commenced and the date of divorce. We do not know, however, *how* this crucial factor affected the property division. This court is required to speculate in order to conclude that this crucial factor led to the trial court's decision not to award interest on the installment payments. It is also possible that this crucial factor led to the trial court's decision to award Rodney $34,800 more in the property division than Sylvia received. On remand, the trial court should explain *how* the crucial factor in this case affected the property division.

[2] Rodney does not respond to this argument.

by the court in *Van Gorder v. Van Gorder,* 110 Wis. 2d 188, 197, 327 N.W.2d 674, 678 (1983):

> It is not the arrangements for joint support alone that control but rather the actual financial condition of the recipient former spouse.
> . . . It was error for the court to relieve Mr. Van Gorder of his maintenance payment obligation based solely on the fact that Mrs. Van Gorder was cohabiting. Cohabitation is only a factor to consider to the extent it may change a recipient former spouse's economic status.

The *Van Gorder* court made it clear that it is the recipient spouse's financial circumstances, rather than living arrangements, which dictate in determining the appropriate level of maintenance.

Here, the judgment of divorce provides for the automatic cessation of maintenance payments if Sylvia cohabits with another person. This provision violates the court's holding in *Van Gorder* because it does not consider Sylvia's financial circumstances. By ordering the maintenance payments to cease upon cohabitation, the trial court has prospectively determined that cohabitation would enhance Sylvia's financial status.[3] Cohabitation does not necessarily result in such an enhancement. *See Van Gorder* at 197–98, 327 N.W.2d at 678–79. Because the provision violates *Van Gorder,* we modify the divorce judgment to eliminate the provision.[4]

---

[3] There is no indication in the record that Sylvia intends to cohabit with anyone.

[4] If and when Sylvia cohabits, Rodney may move to modify the provisions relating to maintenance. At that point, the trial court must determine the impact of cohabitation on Sylvia's financial status. *See Van Gorder v. Van Gorder,* 110 Wis. 2d 188, 197–98, 327 N.W.2d 674, 679 (1983). Maintenance payments can be modified only on the basis of a change in financial circumstances and cohabitation is only one factor to consider. *Id.* at 199, 327 N.W.2d at 679.

On cross-appeal, Rodney argues that the trial court abused its discretion by awarding $1000 per month as permanent alimony to Sylvia. We agree and reverse the maintenance award.

As we have noted, the award of maintenance is within the discretion of the trial court. *Vander Perren,* 105 Wis. 2d at 226–27, 313 N.W.2d at 817. We will sustain a discretionary determination if it is based on the appropriate and applicable law. *Hartung v. Hartung,* 102 Wis. 2d 58, 66, 306 N.W.2d 16, 20 (1981).

Rodney argues that the trial court erred by using his adjusted gross income from 1978 and 1979 to predict his future income because a significant portion of his adjusted gross income in those years resulted from selling capital assets (real estate). The trial court's findings do not expressly acknowledge this fact.

In the property division, the trial court awarded the substantial real estate holdings of the Oversons to Rodney and ordered Rodney to make eleven installment payments of $15,000, apparently in an attempt to equalize the property division between Rodney and Sylvia. The real estate holdings were the major assets in the marital estate and it appears that the trial court contemplated their sale by Rodney in order that Rodney could make an annual payment of $15,000 to Sylvia. In awarding maintenance, however, the trial court based its award in part on Rodney's adjusted gross income in 1978 and 1979. The trial court found that Rodney had an adjusted gross income of $37,941.07 in 1978 and $51,670.24 in 1979. A review of the record indicates that a substantial portion of the income reported in these years resulted from the sale of real estate. After thoroughly considering the factors listed in sec. 767.26, Stats., the trial court awarded Sylvia permanent alimony of $1000 per month. By doing so, we conclude that the trial court anticipated that Rodney would continue to sell real estate and continue the same pattern of adjusted gross income.

The trial court, thus, included the remaining real estate holdings in both its consideration of the property division and its determination of the maintenance award. This violates the prohibition against considering an asset both as marital property subject to division and as a factor in a party's future income for the purpose of determining maintenance. *See Mack v. Mack,* 108 Wis. 2d 604, 609, 323 N.W.2d 153, 155 (Ct. App. 1982) ; *Kronforst v. Kronforst,* 21 Wis. 2d 54, 64, 123 N.W.2d 528, 534 (1963). Because the trial court violated this prohibition, an abuse of discretion resulted. We therefore reverse and remand the maintenance award.[5]

·The final issue raised by Rodney on cross-appeal is whether the trial court erred by including in the marital estate all of the property acquired during the pendency of the divorce.[6] Rather, Rodney argues, the marital estate subject to division should include only the assets in existence at the time of separation in 1970. Such an approach to the property division would exclude over $400,000 from the marital estate. We reject Rodney's argument and affirm the trial court's property division of the marital estate at the time of divorce.

Whether property is marital property subject to division under sec. 767.255, Stats., presents a question of

[5] In reversing the maintenance award, we do not hold that awarding $1000 per month to Sylvia was an abuse of discretion because it was excessive. On remand, the trial court may determine that $1000 per month is still the appropriate level of maintenance but in doing so it cannot consider the real estate holdings as both an asset and as future income.

[6] Rodney frames his argument as a valuation question and claims the trial court valued the marital estate on the wrong date. By arguing that the trial court should have valued the estate on the date of separation in 1970, Rodney seeks exclusion of all assets acquired since that date. We therefore address this argument as one challenging the inclusion of certain assets in the estate.

law. *Weiss v. Weiss,* 122 Wis. 2d 688, 692, 365 N.W.2d 608, 610 (Ct. App. 1985). As such, we owe no deference to the trial court's determination. *First National Leasing Corp. v. City of Madison,* 81 Wis. 2d 205, 208, 260 N.W.2d 251, 253 (1977).

"A property division is the fair, equitable and just division of the marital estate, or assets of the parties *as they exist at the time of the divorce." Bussewitz v. Bussewitz,* 75 Wis. 2d 78, 82, 248 N.W.2d 417, 420 (1977) (emphasis added). These assets include those brought into the marriage and/or acquired during the marriage. *Id.* at 82–83, 248 N.W.2d at 420.

Here, the trial court properly divided the assets of the marital estate as they existed at the time of divorce. The fact that assets were acquired during the pendency of the divorce action is irrelevant in determining the size of the marital estate at the time of divorce. Rather, having determined which assets comprise the marital estate, the trial court, in dividing the marital estate, could then consider the fact (under sec. 767.255(12), Stats.) that assets were acquired during the pendency of the action. We affirm the trial court's inclusion in the marital estate of all the assets acquired over the eleven years this divorce action was pending.

*By the Court.*—Judgment affirmed in part, modified in part, reversed in part, and remanded.