IN RE the MARRIAGE OF: Elizabeth N. TYSON,
Petitioner-Respondent,

v.

Keith C. TYSON, Respondent-Appellant.

Court of Appeals

*No. 90–1009. Submitted on briefs December 11, 1990.—Decided
April 18, 1991.*

(Also reported in 469 N.W.2d 913.)

For the respondent-appellant the cause was submitted on the briefs of *Jenny R. Armstrong* of *Armstrong Law Offices, Ltd.,* of Madison.

For the petitioner-respondent the cause was submitted on the brief of *Jeffery J. Scott* of *Block and Skemp* of Platteville.

Before Eich, C.J., Gartzke, P.J., and Dykman, J.

DYKMAN, J. This is an appeal from an order revising a divorce judgment by awarding maintenance of $59 per month. Because the divorce judgment waived maintenance, we conclude that sec. 767.32(1), Stats.,[1] bars a revision of the judgment. We therefore reverse.

Elizabeth and Keith Tyson were divorced in 1986, after a ten-year marriage. No children were born to the marriage. The trial court found that neither party was entitled to maintenance, and therefore awarded none.[2] The court ordered that several debts be paid one-half by each party. An outstanding mortgage was included in this list of debts. The court ordered that "[a]ll of the debts which are to be shared equally, including the mortgage on the house located at R.D. 2, Platteville, are designated as support to each of the parties."

---

[1]Section 767.32(1), Stats., provides, in part, that "a judgment which waives maintenance payments for either party shall not thereafter be revised or altered in that respect nor shall the provisions of a judgment with respect to a final division of property be subject to revision or modification."

[2]The divorce judgment stated that "neither party is entitled to maintenance."

In 1989, Elizabeth moved to revise the divorce judgment to require Keith to pay her support. At an evidentiary hearing, she explained that she did not have sufficient income to make the full payment on the mortgage included in the list of debts contained in the divorce judgment. Keith argued that, because maintenance had been waived in the divorce judgment, sec. 767.32(1), Stats., prohibited revision.[3] The trial court concluded that it could amend the judgment, and ordered Keith to pay $59 per month as support for Elizabeth. The trial court reasoned that the mortgage payments constituted modifiable "family support," under sec. 767.261, Stats.[4]

We are thus required to interpret the effect of a divorce judgment which waives maintenance but designates a mortgage payment as "support." We conclude that the provision waiving maintenance controls. Section 767.32(1), Stats., unambiguously states that "a judgment which waives maintenance payments for either party shall not thereafter be revised or altered in that respect . . .." The trial court found that neither party was entitled to maintenance payments, and the judgment waived maintenance payments for both parties. In light of that finding, it would be inconsistent to

---

[3] Keith also argued: (1) that the discharge of his debt in bankruptcy barred Elizabeth's claim for maintenance; and (2) that Elizabeth was estopped from bringing a motion to revise the judgment because she failed to meet her part of an obligation to pay a mortgage. In light of the disposition of this case, we need not reach these issues.

[4] Section 767.261, Stats., provides, in part, that "[t]he court may make a financial order designated 'family support' as a substitute for child support orders under s. 767.25 and maintenance payments orders under s. 767.26." Family support orders may be modified under the "change of circumstances" doctrine. Legislative Council Note, 1977, Wis. Stat. Ann. sec. 767.261 (West 1981).

conclude that one of the parties *was* entitled to maintenance.

In addition, family support is a substitute for maintenance *and* child support. *Corliss v. Corliss,* 107 Wis. 2d 338, 348, 320 N.W.2d 219, 223 (Ct. App. 1982). There were significant federal income tax advantages to the payor of consolidated "family support" under *Commissioner v. Lester,* 366 U.S. 299 (1961). Legislative Council Note, 1977, Wis. Stat. Ann. sec. 767.261 (West 1981). Family support would provide the Tysons, a childless couple, no possible tax advantages that would not have also been available from maintenance.

We rejected a similar argument in *Fessler v. Fessler,* 147 Wis. 2d 1, 432 N.W.2d 103 (Ct. App. 1988). In *Fessler,* we examined a divorce judgment which terminated maintenance between the parties but also established periodic "support" payments. *Id.* at 5-7, 432 N.W.2d at 105-06. Relying on the language in the judgment, we held that the periodic payments could not be revised. *Id.* at 9, 432 N.W.2d at 106-07.

We conclude that the better rule is that divorce judgment provisions waiving maintenance take precedence over other provisions which arguably award or reserve maintenance payments. Knowledge of and compliance with this rule is uncomplicated, will lead to less litigation, and will provide certainty for divorcing couples and their attorneys. We thus reverse the trial court's order awarding maintenance and remand with instructions that the trial court dismiss Elizabeth's motion.

*By the Court.*—Order reversed and cause remanded with instructions.